

STEWART A. ESTES*
JAYNE L. FREEMAN**
RICHARD B. JOLLEY***
SHANNON M. RAGONESI
KIMBERLY J. WALDBAUM
JEREMY W. CULUMBER
AMANDA G. BUTLER
BRIAN C. AUGENTHALER♣

*   also licensed in AZ/OR
**  also licensed in OR
*** also licensed in WY/MT
‡   also licensed in NJ
✦   also licensed in CA
♣   also licensed in AK

THOMAS P. MILLER
ANN E. TRIVETT**
AUDREY M. AIRUT MURPHY
SEAN M. DWYER
RAKIAH B. ADAMS‡
MARGOT COTTER✦
ANTHONY S. MARINELLA
KRISTEN K. BECK
STUART A. CASSEL**

OF COUNSEL:
MICHAEL C. WALTER
RUTH NIELSEN
PAUL J. TRIESCH

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
1201 Third Avenue, Suite 1580
Seattle, WA 98101
PHONE: (206) 623-8861
FAX: (206) 223-9423
www.kbmlawyers.com

scassel@kbmlawyers.com

January 16, 2025

Ninth Circuit Clerk's Office
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

Jay Carlson
CARLSON LEGAL
600 First Avenue, Suite LL06
Seattle, WA 98104
Jay@carlsonlegal.org
(206) 899-4948

Jason Moore
PARADIGM LAW
600 First Ave., Suite LL06
Seattle, WA 98104
Jason@paradigmlawseattle.com
(425) 999-7562

RE:   Citation of Supplemental Authorities
      FRAP 28(j) and Ninth C. R. 28-6
      *Cheairs v. City of Seattle, et al.* - No. 24-3163

Citation of Supplemental Authorities
Case No. 24-3163
January 16, 2025
Page 2


Dear Clerk and Counsel:

Appellees submit *Puente v. City of Phoenix*, 123 F.4th 1035 (9th Cir. 2024) in support of their arguments that Appellant was not seized, (Dkt. #21.1, pp. 46-49), and that the force used was reasonable under the circumstances, (*Id.*, pp. 49-52).

In *Puente*, officers were facing a large protest that turned violent with dangerous projectiles thrown at officers. *Id.* at 1042-1047. The assembly was declared unlawful, and officers cleared the area using chemical irritants and "pepper balls." *Id.* at 1046-47. This Court affirmed summary judgment, and reversed denial summary judgment, on excessive force claims. *Id.* at 1047-1062.

First, "an application of force with an objective intent merely to disperse or exclude persons from an area—and without any measures objectively aimed at detaining or confining them in the process—does not involve the necessary 'intent to restrain' that might give rise to a 'seizure.'" *Id.* at 1052. Here, it is undisputed the officers were trying to disperse the crowd and were not targeting Appellant nor any other person. (*Id.*, pp. 48-49.) As the officers had no intent to restrain Plaintiff when deploying blast balls, he was never seized and his Fourth Amendment claim was properly dismissed.

Citation of Supplemental Authorities
Case No. 24-3163
January 16, 2025
Page 3

Second, this Court considered an excessive force claim where the plaintiff intentionally placed herself between officers and a violent crowd to film the events and was inadvertently struck by a pepper ball. *Id.* at 1059-60. Because this plaintiff was hit after she remained in the area despite a dispersal order, her decision to place herself in a dangerous situation did not diminish the officers' public safety concerns and the use of the pepper ball was reasonable force. *Id.* Here, it is undisputed Appellant chose to place himself between individuals hurling dangerous projectiles and officers trying to enforce a valid dispersal order. (*Id.*, p. 22-31, 51.) His decision to do so does not diminish the officers' public safety concerns. The use of blast balls was reasonable here and Appellant's claim was properly dismissed.

For the reasons above and in Appellees' brief, dismissal of Appellant's claims should be affirmed.

Sincerely,

*s/Thomas Miller*
*s/Stuart Cassel*

Thomas P. Miller, WSBA #34473
Stuart A. Cassel, WSBA #49808
*Attorneys for Appellees*

Citation of Supplemental Authorities
Case No. 24-3163
January 16, 2025
Page 4

1201 Third Avenue, Suite 1210
Seattle, WA 98101
P: (206) 623-8861
E: tmiller@kbmlawyers.com;
   cassel@kbmlawyers.com
*I certify that this letter contains 342 words*
*in compliance with the Court's rules.*

SAC/sd